IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

CASE NO: 21-94 RBW

v.

ANTHONY MARIOTTO
    Defendant.
_____/

## MOTION FOR EARLY TERMINATION OF PROBATION

COMES NOW the Defendant, Anthony Mariotto,, by and through undersigned counsel, Edward D. Reagan Esquire, Edward D. Reagan PA., moves this Honorable Court to issue an Order terminating the balance of his probation and in support thereof, would state:

## STATEMENT OF FACTS

1. On or about December 17, 2021, Mr. Mariotto was sentenced to 3 years probation for the misdemeanor charge of Parading, Demonstrating, or Picketing in a Capitol Building, in violation of Title 40 United States Code, Section 510(e)(2)(G) with the following special conditions: Pay $500 in restitution; $5,000 fine and complete 250 hours of community service.

2. Mr. Mariotto has completed his 250 hours of community service and paid both the restitution and fine in this case..

3. Mr. Mariotto has completed 1 year of his 3 years of probation.

4. Mr. Mariotto is being supervised in the Southern District of Florida where he lives and works.

5. Counsel spoke with Probation Officer Kendra Schofield-Bailey who stated "please submit motion to court and probation will advise position upon request from the Court."

6.  Prior to filing this Motion, undersigned counsel contacted AUSA, Kim Nielsen, the assigned AUSA on the case. Ms. Nielsen opposes the Motion to Early Terminate the defendant's probation.

## STATEMENT OF LAW

1.  Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

2.  No hearing is requested for this petition unless the probation officer unexpectedly decides to oppose.

3.  Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release.

4.  The Judicial Conference has identified the following criteria to assess eligibility for early termination: Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:

    a.  stable community reintegration (e.g., residence, family, employment);

    b.  progressive strides toward supervision objectives and in compliance with all conditions of supervision;

    c.  no aggravated role in the offense of conviction, particularly large drug or fraud offenses;

    d.  no history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);

    e.  no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;

  f. no recent evidence of alcohol or drug abuse;

  g. no recent psychiatric episodes;

  h. no identifiable risk to the safety of any identifiable victim; and

  i. no identifiable risk to public safety based on the Risk Prediction Index (RPI). Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109)(rev'd 2010)(emphasis added).

 5. Pursuant to the policy, "there is a presumption in favor of recommending early termination" for supervises after the first 18 months if they are not "career violent and/or drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." Id., § 380.10(g).

 6. Further, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum notes that supervision costs approximately $3,938.00 per year per case. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." Id.

 7. The same concepts apply to an individual being supervised on probation.

 8. Mr. Mariotto satisfies all of the factors set forth for early termination.

 9. Mr. Mariotto paid full restitution in the amount of $500.00.

 10. He has made complete payment $5,000.00 fine and $10.00 special

assessment.

11. Mr. Mariotto supervision has been without any incident.

12. He has not reported in person for the last 7 months.

13. Mr. Mariotto has steady employment, as well as a very stable family life.

14. He is a father and husband who maintains a very close relationship with his children and his mother..

15. As it relates to the other conditions the court should consider for early termination, Mr. Mariotto has been in full compliance with all terms of supervision. He had no violence or weapons in this offense, and is not using controlled substances. He has no psychiatric issues.

16. At sentencing, undersigned counsel advise the Court that Mr. Mariotto owns a home in the mountains of northern Georgia as well in Vero Beach, Florida and splits his time between his residences.  Counsel requested permission for the Defendant to travel to his home in Georgia during supervision and the Court stated it did not have any issue with the Defendant traveling to his probation officer approved travel.

17. Mr. Mariotto has been given permission to travel but cannot leave for longer than 30 day periods which requires him to return to Vero Beach.

18. Mr. Mariotto does not fly and thus drives between Georgia and Florida.

19. Mr. Mariotto normally spends January 1st through April 15th in Georgia. Since being placed on supervision he has been unable to do so.

20. Mr. Mariotto works remotely when staying at his Georgia home. Additionally, Mr. Mariotto meets with various clients who are headquartered out of Georgia.

21. In sum, Mr. Mariotto is an ideal candidate for early termination of supervised release based on every factor the Court must consider. Given Mr. Mariotto's compliance and performance on probation, he respectfully requests that the Court order that his probation be terminated.

WHEREFORE, the Defendant, hereby respectfully requests that this Court grant authorization to terminate the Defendant's supervised release in the above case.

        EDWARD D. REAGAN, P.A.
        Attorney for the Defendant
        658 W. Indiantown Road
        Suite 209
        Jupiter, Florida 33458
        (561) 832-7443 telephone
        ( 561) 683-9970 facsimile
By: /s/: Edward D. Reagan Esq.
    EDWARD D. REAGAN ESQ.
    Florida Bar No. 0028215